# EXHIBIT A



## Service of Process Transmittal Summary

**TO:**     Chuck Morici
            Ford Motor Company
            1 American Rd
            Dearborn, MI 48126-2798

**RE:**     **Process Served in California**

**FOR:**    Ford Motor Company  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SYLVIA GAROFOLO, an individual, and JOSEPH GAROFOLO, an individual // To: Ford Motor Company |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Case Cover Sheet, Attachment(s) |
| **COURT/AGENCY:** | Contra Costa County Superior Court, CA<br>Case # C2502533 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2018 Ford Expedition, VIN: 1FMJU2AT6JEA50589 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/11/2025 at 13:01 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Michelle Yang<br>PRESTIGE LEGAL SOLUTIONS, P.C.<br>6420 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90048<br>310-758-1283 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/12/2025, Expected Purge Date: 09/17/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
09/11/2025
CT Log Number 550094130

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                      Thu, Sep 11, 2025
**Server Name:**               Jimmy Lizama

| Entity Served | FORD MOTOR COMPANY |
|---------------|--------------------|
| Case Number   | C25-02533          |
| Jurisdiction  | CA                 |

| Inserts | | |
|---------|---|---|
|  |  |  |



Electronically Filed Superior Court of CA County of Contra Costa 9/3/2025 3:03 PM By: C. Padilla, Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY, a Delaware corporation, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SYLVIA GAROFOLO, an individual, and JOSEPH GAROFOLO, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Wakefield Taylor Courthouse<br>*(El nombre y dirección de la corte es):* 725 Court Street<br>Martinez, CA 94553 | CASE NUMBER: *(Número del Caso):*<br>**C25-02533** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michelle Yang, Esq. (SBN 325467)    Hrag A. Alexanian Esq. (SBN 333430) 6420 Wilshire Blvd., Suite 1400, Los Angeles, CA 90048    (310) 758-1283

| DATE:<br>*(Fecha)* | 9/3/2025 3:03 PM | Clerk, by<br>*(Secretaria)* | /s/ C. Padilla | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served


[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ford Motor Company, a Delaware corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Processed by Court on 9/9/2025 2:57 PM

Electronically Filed Superior Court of CA County of Contra Costa 9/3/2025 3:03 PM By: C. Padilla, Deputy

**PRESTIGE LEGAL SOLUTIONS, P.C.**
Michelle Yang, Esq. (SBN 325467)
Hrag A. Alexanian Esq. (SBN 333430)
6420 Wilshire Blvd., Suite 1400
Los Angeles, CA 90048
Telephone: (310) 758-1283
Fax: (310) 933-5821
Electronic Service: eservice@plsfirm.com

Per local Rule, This case is assigned to
Judge Weil, Edward G, for all purposes.

Attorneys for Plaintiffs,
**SYLVIA GAROFOLO AND JOSEPH GAROFOLO**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| SYLVIA GAROFOLO, an individual, and JOSEPH GAROFOLO, an individual,<br><br>      Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br><br>      Defendants. | Case No.:  C25-02533<br><br>Hon.<br>Dept.:<br><br>**COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>JURY TRIAL DEMANDED<br><br>SUMMONS ISSUED |

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., SUITE 1400, LOS ANGELES, CA 90048

Plaintiffs Sylvia Garofolo and Joseph Garofolo ("Plaintiffs") alleges as follows:

**PARTIES**

1.      As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs Sylvia Garofolo and Joseph Garofolo.

2.      Plaintiffs are, and at all times relevant herein was, a resident of Lafayette, California.

3.      As used in this Complaint, the word "Defendant" shall refer to Defendant Ford Motor Company.

4.      Defendant Ford Motor Company, is and at all times relevant herein was, a corporation organized under the laws of the State of Delaware and registered to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, assembling, producing, constructing, marketing, distributing, and/or selling consumer goods, including but not limited to motor vehicles and motor vehicle components.

5.      Plaintiffs are ignorant of the true names and capacities of the Defendants sued under the fictitious names "DOES 1 to 10". These Defendants are sued pursuant to Code of Civil Procedure section 474.  When Plaintiffs become aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiffs will amend this Complaint to state their true names and capacities.

6.      Plaintiffs hereby revokes acceptance of their 2018 Ford Expedition, VIN 1FMJU2AT6JEA50589 ("Subject Vehicle").

7.      Plaintiff hereby demands a jury trial on all causes of action asserted herein.

**FIRST CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

8.      Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

9.      On or around July 24, 2018, Plaintiffs purchased Subject Vehicle. Subject Vehicle was manufactured and/or distributed by Defendant.

1

10.    Plaintiffs purchased and used Subject Vehicle primarily for personal, family, or household purposes. Plaintiffs purchased Subject Vehicle from a person or entity engaged in the business of manufacturing, distributing, selling, or leasing consumer goods at retail.

11.    When the Subject Vehicle was purchased, Plaintiffs received express written warranties in which Defendant undertook to preserve or maintain the utility or performance of Subject Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.    The warranty provided, in relevant part, that in the event a nonconformity developed within Subject Vehicle during the applicable warranty period, Plaintiffs could deliver Subject Vehicle for repair to Defendant's authorized service and repair facilities and Subject Vehicle would be repaired.

12.    During Plaintiffs' ownership of Subject Vehicle, the Subject Vehicle manifested defects covered by Defendant's express written warranties. These defects include but are not limited to: suspension, engine system, transmission system and cooling system defects (Subject Vehicle's "defects").    These defects substantially impair the use, value, and/or safety of Subject Vehicle to Plaintiffs.

13.    Plaintiffs delivered Subject Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects.

14.    Defendant and/or its authorized service and repair facilities failed to service or repair Subject Vehicle to conform to the applicable express warranties after a reasonable number of opportunities to do so.

15.    Despite this fact, Defendant failed to promptly replace Subject Vehicle or make restitution to Plaintiffs as required by Civil Code section 1793.2(d).

16.    Plaintiffs have been damaged by Defendant's failure to comply with its obligations under Civil Code section 1793.2(d), and therefore brings this cause of action pursuant to Civil Code section 1794.

17.    Defendant's failure to comply with its obligations under Civil Code section 1793.2(d) was willful, in that Defendant and its representatives knew of their legal obligations

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD, SUITE 1400, LOS ANGELES, CA 90048

1   and intentionally declined to follow them. Accordingly, Plaintiffs are entitled to a civil penalty

2   of up to two times Plaintiffs' actual damages, pursuant to Civil Code section 1794(c).

3                        **SECOND CAUSE OF ACTION**

4                   **BY PLAINTIFFS AGAINST DEFENDANT**

5       **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

6           18.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set

7   forth above.

8           19.    Defendant maintains service and repair facilities and/or designates independent

9   service and repair facilities (Defendant's "representatives"). Defendant's representatives are

10  intended to carry out the terms of Defendant's express warranties.

11          20.    Although Plaintiffs presented Subject Vehicle to Defendant's representatives in

12  this state for repair of Subject Vehicle, Defendant and/or its representatives failed to commence

13  repairs within a reasonable time, in violation of Civil Code section 1793.2(b).

14          21.    Although Plaintiffs presented Subject Vehicle to Defendant's representatives in

15  this state for repair of Subject Vehicle, Defendant and/or its representatives failed to complete

16  repairs within thirty days, in violation of Civil Code section 1793.2(b). Plaintiffs did not extend

17  the time for completion of repairs beyond the requisite thirty days.

18          22.    Plaintiffs have been damaged by Defendant's and/or its representatives' failure

19  to comply with Civil Code section 1793.2(b). Thus, Plaintiffs brings this cause of action

20  pursuant to Civil Code section 1794.

21          23.    Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of

22  Subject Vehicle and has exercised their right to cancel the contract. By serving this Complaint,

23  Plaintiffs does so again.

24          24.    Defendant's failure to comply with its obligations under Civil Code section

25  1793.2(b) was willful, in that Defendant and its representatives knew of their legal obligations

26  and intentionally declined to follow them. Accordingly, Plaintiffs are entitled to a civil penalty

27  of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

28                        **THIRD CAUSE OF ACTION**

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD. SUITE 1400, LOS ANGELES, CA 90048

---

3

**COMPLAINT; JURY TRIAL DEMANDED**

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., SUITE 1400, LOS ANGELES, CA 90048

### BY PLAINTIFFS AGAINST DEFENDANT

### VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

25.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

26.    In violation of Civil Code section 1793.2(a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and/or replacement parts to effect repairs during the express warranty period.

27.    Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this cause of action pursuant to Civil Code section 1794.

28.    Defendant's failure to comply with its obligations under Civil Code section 1793.2(a)(3) was willful, in that Defendant knew of its legal obligations and intentionally declined to follow them. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages, pursuant to Civil Code section 1794(c).

### FOURTH CAUSE OF ACTION

### BY PLAINTIFFS AGAINST DEFENDANT

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

### (CIV. CODE § 1791.1; § 1794)

29.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

30.    Pursuant to Civil Code section 1792, the sale of Subject Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1(c), the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

31.    Due to the aforementioned defects, some of which were latent defects undiscoverable at the time of sale, the Subject Vehicle was not of the same quality as those generally acceptable in the trade; did not pass without objection in the trade; was not fit for the

4

ordinary purposes for which such goods are used; was not adequately contained, packaged, and labeled; and/or did not measure up to the promises or facts stated on the container or label.

32.    Plaintiffs were harmed by the breach of the implied warranty of merchantability.

33.    Defendant's failure to comply with its obligations under the implied warranty was a substantial factor in causing Plaintiffs' harm. Thus, Plaintiffs brings this cause of action pursuant to Civil Code section 1794.

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

**(15 U.S.C § 2301-2312)**

34.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

35.    Defendants are "suppliers" and "warrantors" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

36.    The Subject Vehicle is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

37.    15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

38.    Defendants implied warranty is an "implied warranty" within the meaning of 15 U.S.C. § 2301(7).

39.    Defendants express warranty is a "written warranty" within the meaning of 15 U.S.C. §2301(6).

40.    Defendants breached the implied warranty and the express warranty by virtue of the above-described acts.

41.    Defendants' breach of the implied warranty and express warranty deprived Plaintiff of the benefits of her bargain.

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD. SUITE 1400. LOS ANGELES. CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD, SUITE 1400, LOS ANGELES, CA 90048

42.    Privity is not required here because Plaintiffs are the intended third-party beneficiary of contracts between Defendants and its dealers, included the dealer from which Plaintiffs purchased the Subject Vehicle and specifically, of Defendants' implied warranties.

43.    Defendants were given a reasonable opportunity to cure their breach of warranty and have refused to provide a remedy.

44.    Plaintiffs individually seek all damages permitted by law, in an amount to be proven at trial, including attorneys' fees and costs incurred in pursuing the action, pursuant to the one-way fee shifting statue that is part of Magnusson-Moss.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFFS AGAINST DEFENDANT

## VIOLATION OF CALIFORNIA UNIFORM COMMERCIAL CODE

45.    Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

46.    At the time the Subject Vehicle was sold to Plaintiffs, it contained multiple manufacturer defects, defects in assembly, defects in design, and other defects which rendered the Subject Vehicle unsafe for use and making it impossible for Plaintiffs to use the Subject Vehicle without substantial inconvenience and mechanical failure.

47.    Commercial Code § 1203 proscribes the duty of parties to deal with each other in good faith. This parallels the Lemon Law concept regarding charging a civil penalty for willfully refusing to act in good faith.

48.    Commercial Code § 2602 covers the manner and effect of rejecting goods. Here, Plaintiffs have properly rejected the Subject Vehicle.

49.    Commercial Code § 2607 relates to establishing a supplier breach subsequent to the acceptance of goods. At the time Plaintiffs purchased the Subject Vehicle, Plaintiffs believed the Subject Vehicle conformed to factory specifications, but subsequently learned the Subject Vehicle did not conform. Consequently, Defendants breached its warranty contract with Plaintiffs.

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD, SUITE 1400, LOS ANGELES, CA 90048

50.     When Plaintiffs purchased the Subject Vehicle from Defendants, Plaintiffs did so based upon the mutual understanding with Defendants that the Subject Vehicle conformed to factory specifications.

51. Plaintiffs subsequently learned that the Subject Vehicle did not conform. Specifically, the Subject Vehicle suffered and continues to suffer from significant defects and non-conformities during the implied and express warranty periods. Defendants violated their obligations to repair the Subject Vehicle to conform to factory specifications, per statutory obligations, in violation of California Commercial Code §§2313-2315. Consequently, Defendants breached its agreement with Plaintiffs.

52.     As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiffs purchased a virtually useless vehicle due to the frequency of breakdowns, the safety hazards associated with using the Subject Vehicle, and the amount of time the Subject Vehicle was out of service due to repair attempts made by Defendants.

53.     Commercial Code § 2608 covers revocation of acceptance. Plaintiffs hereby revokes acceptance of the Subject Vehicle because it does not conform to warranty specifications.

54.     When Plaintiffs entered into the purchase and took delivery of the Subject Vehicle, Defendants represented that said Subject Vehicle was of merchantable and good quality.

55.     Under the terms of the purchase agreement, Plaintiffs paid good and valuable consideration.

56.     Subsequent to taking possession of the Subject Vehicle, Plaintiffs learned that the Subject Vehicle was not in good and merchantable condition.

57.     Plaintiffs will suffer substantial harm and injury under if the purchase agreement is not rescinded since Plaintiffs will be deprived of the benefit of the bargain in that the Subject Vehicle is significantly inferior to the vehicle Plaintiffs bargained and paid for.

58.     Plaintiffs intends for the service of summons and complaint to serve as further notice of rescission of the purchase agreement and hereby demands Defendants restore to Plaintiffs' consideration furnished pursuant to the purchase agreement.

7

**COMPLAINT; JURY TRIAL DEMANDED**

59.    Plaintiffs further demand that Defendants reimburse the consequential damages incurred as a result of Plaintiffs' purchase/lease of the Subject Vehicle.

60.    As a result of entering into the purchase agreement with Defendants, Plaintiffs incurred expenses in addition to those alleged above.

61.    Further, as a direct and proximate result of Defendants' breach alleged herein, Plaintiffs suffered incidental and consequential damages in an amount to be proved at trial.

**PRAYER**

Wherefore, Plaintiffs prays for judgment against Defendant as follows:

    a.  For Plaintiffs' actual damages in an amount according to proof;

    b.  For restitution;

    c.  For a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c);

    d.  For any consequential and incidental damages in an amount according to proof;

    e.  For remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713;

    f.  For costs and expenses of the suit, and for Plaintiffs' reasonable attorneys' fees, pursuant to Civil Code section 1794(d);

    g.  For prejudgment interest at the legal rate; and

    h.  For such other equitable or legal relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action asserted herein.

**DEMAND TO CEASE ALL DIRECT COMMUNICATION WITH PLAINTIFF**

Pursuant to California Rules of Professional Conduct, Rule 2-100 and Rule 4.2(a) Ford Motor Company, its employees, representatives, or agents must cease all direct communications with Plaintiffs Sylvia Garofolo and Joseph Garofolo concerning this matter. All future correspondence or inquiries must be addressed to this firm's dedicated e-service email address (eservice@plsfirm.com).

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD., SUITE 1400, LOS ANGELES, CA 90048

8

1      Please be further advised that any such communications with Plaintiffs Sylvia

2   Garofolo and Joseph Garofolo in violation of California Rules of Professional Conduct, Rule

3   2-100 and/or Rule 4.2(a) will result in a filing of a formal complaint with the State Bar of

4   California.

5

6   Dated: September 3, 2025                    **PRESTIGE LEGAL SOLUTIONS, P.C.**

7

8                                   BY: _____
                                         Michelle Yang, Esq.
9                                        Hrag A. Alexanian Esq.
                                         Attorneys for Plaintiffs,
10                                       **SYLVIA GAROFOLO AND JOSEPH
                                         GAROFOLO**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 WILSHIRE BLVD. SUITE 1400, LOS ANGELES, CA 90048

9

**COMPLAINT; JURY TRIAL DEMANDED**

Electronically Filed Superior Court of CA County of Contra Costa 9/3/2025 3:03 PM By: C. Padilla, Deputy

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michelle Yang, Esq. (SBN 325467)    Hrag A. Alexanian Esq. (SBN 333430) | |

Prestige Legal Solutions P.C.
6420 Wilshire Blvd., Suite 1400, Los Angeles, CA 90048
TELEPHONE NO.: (310) 758-1283         FAX NO. : (310) 933-5821
EMAIL ADDRESS: eservice@plsfirm.com
ATTORNEY FOR *(Name):* Sylvia Garofolo and Joseph Garofolo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Sylvia Garofolo et. al. v. Ford Motor Company

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | C25-02533 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 3, 2025
Michelle Yang, Esq.

_____    ▶    _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
**CIVIL CASE COVER SHEET**
Processed by Court on 9/9/2025 2:57 PM
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use this Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
    relations)*
Sister State Judgment
Administrative Agency Award
    *(not unpaid taxes)*
Petition/Certification of Entry of
    Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition